**Electronically Filed
Intermediate Court of Appeals
30416
16-NOV-2012
09:07 AM**

NO. 30416

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JACK T. HOSAKA, Plaintiff-Appellee, v.
ELEANOR F. HOSAKA, Defendant-Appellee, and
VINCENT H. HOSAKA, Intervenor-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-D NO. 08-1-1406)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Intervenor-Appellant Vincent H. Hosaka (**Vincent**)
appeals from the Family Court of the First Circuit's (**Family
Court's**) March 3, 2010 Order Denying Vincent H. Hosaka's Motion
to Intervene and for Stay and/or Recall of Mandate (**Order Denying
Intervention**).[1/]

Vincent raises fifteen points of error challenging the
Family Court's decision denying his request to intervene in his
parents' divorce as a matter of right, pursuant to Hawai'i Family
Court Rules (**HFCR**) Rule 24(a)(2).

---

[1/]    The Honorable William J. Nagle, III presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Vincent's points of error as follows:

In all respects relevant to this appeal, HFCR Rule 24(a)(2) is identical to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a)(2). Thus, we apply the same standards as those applicable to HRCP Rule 24(a)(2). It is well-established that intervention as of right requires that: (1) an application for intervention be timely filed; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the disposition of the action would, as a practical matter, impair or impede the applicant's ability to protect that interest; and (3) the applicant's interest is inadequately represented by the existing parties. See, e.g., Garner v. State, Dept. Of Educ., 122 Hawai'i 150, 165, 223 P.3d 215, 230 (App. 2009).

Motions to intervene as of right are reviewed de novo under the right/wrong standard. Labayog v. Labayog, 83 Hawai'i 412, 419-20, 927 P.2d 420, 427-28 (App. 1996). The question of timeliness, however, is left to the sound discretion of the trial court. Ing v. Acceptance Ins. Co. 76 Hawai'i 266, 271, 874 P.2d 1091, 1096 (1994); Garner, 122 Hawai'i at 166, 223 P.3d at 232. The court must consider "the totality of the circumstances, including the lapse of time between when the proposed intervenor should have sought intervention and when it actually did and prejudice caused to existing parties by the lapse of time." Garner, 122 Hawai'i at 166, 223 P.3d at 231 (citations and internal quotation marks omitted).

Vincent claims an interest as the successor trustee and beneficiary of his mother's trust, which owns a condominium apartment in Makaha. This trust was created on April 16, 2008, about one week prior to the filing of the complaint for divorce

herein. Vincent's motion to intervene was "received" by the Family Court on December 14, 2009, more than a year and one half after the complaint for divorce, after the parties to the divorce reached a settlement, but before the divorce decree was entered on December 29, 2009.[2/]

Vincent was well-apprised of his parents' divorce proceedings from the onset. As Vincent states in his Opening Brief, "VINCENT was a participant in the proceedings from the filing of the Complaint for Divorce (assisting [his mother] by transporting her, interpreting for her, and advising her, in addition to being the trustee of her irrevocable trust)". The fact that Vincent's role was diminished after a guardian ad litem was appointed for his elderly and incapacitated mother did not negate his knowledge of the divorce action. The relevant date with respect to timeliness of intervention is "when the proposed intervenor 'knew or *reasonably should have known* of its interest' in the action." Garner, 122 Hawai'i at 166-67, 223 P.3d at 232-33 (citation omitted). Clearly Vincent knew or should have known of his interest long before he filed his motion and only sought to intervene after he learned of the settlement and concluded that the agreement was potentially unfavorable to him. Under the circumstances of this case, we conclude that the Family Court did not abuse its discretion when it determined that Vincent's motion to intervene was untimely. As the requirements of intervention as a matter of right are stated in the conjunctive, we need not determine whether Vincent met the other requirements.

---

[2/] Although received on December 14, 2009, the motion to intervene was not "filed" by the Family Court until January 13, 2010.

Accordingly, the Family Court's March 3, 2010 Order Denying Intervention is affirmed.

DATED: Honolulu, Hawaiʻi, November 16, 2012.

On the briefs:

Samuel P. King, Jr.
for Intervenor-Appellant

Richard C.F. Chun
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge